# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVINA HICKS <br> 1829 Tamarack Ct. S. <br> Columbus, OH 43229 <br>      Plaintiff, <br><br>     v. <br><br> ANTHEM, INC. <br> d/b/a Anthem Blue Cross Blue Shield <br> 6740 N. High St., # 200 <br> Worthington, OH 43085 <br><br>  **Serve also:** <br>   c/o Anthem Insurance Companies, Inc. <br>   Statutory Agent <br>   120 Monument Circle <br>   Indianapolis, IN 46204 <br><br> -and- <br><br> THE ANTHEM COMPANIES, INC. <br> d/b/a Anthem Blue Cross Blue Shield <br> CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, OH 43219 <br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. <br><br> JUDGE: <br><br><br> **COMPLAINT FOR DAMAGES** <br> **AND INJUNCTIVE RELIEF** <br><br> **JURY DEMAND ENDORSED** <br> **HEREIN** |

Plaintiff, Davina Hicks, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Hicks is a resident of the city of Worthington, Franklin County, state of Ohio.

2. Defendant Anthem, Inc. d/b/a Blue Cross Blue Shield is a foreign corporation conducting business in the state of Ohio, with its principal place of business located in Indiana.



3. Defendant The Anthem Companies, Inc. d/b/a Blue Cross Blue Shield is a foreign corporation conducting business in the state of Ohio, with its principal place of business located in Indiana.

4. For the purposes of this action, Defendants will be collectively referred to as "Anthem."

5. Anthem conducts business in Franklin County, Ohio, where a substantial part of the events or omissions giving rise to Hicks's claims occurred.

6. At all times referenced herein, Anthem was Hicks's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and Ohio R.C. §4112.01(A)(2).

7. All of the material events alleged in this Complaint occurred in Franklin County, Ohio.

## JURISDICTION & VENUE

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hicks is alleging a Federal Law Claim under Title VII.

9. This Court has supplemental jurisdiction over Hicks's state law claims pursuant to 28 U.S.C. § 1367, as Hicks's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

11. Within 180 days of the conduct alleged below, Hicks filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2017-01514, against Anthem ("EEOC Charge").

12. On or about April 25, 2018, the EEOC issued and mailed a Notice of Right to Sue to Hicks regarding the EEOC Charge.



13. Hicks received her Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

14. Hicks has filed this Complaint on or before the 90-day deadline set forth in her Notice of Right to Sue letter.

15. Hicks has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

16. Hicks is a current employee of Anthem.

17. Hicks has worked for Anthem since June 2012, most recently as a Corporate Learning and Development Trainer in Columbus, Ohio.

18. Hicks's responsibilities include, without limitation, traveling the country for Anthem to train new hires, temporary agents, and current employees on, among other things, job duties, processed, procedures, and workflow.

19. Hicks is qualified for her position, and consistently receives positive feedback and performance reviews from her supervisors and managers.

20. Hicks is highly educated, with a Bachelor's degree, a Masters of Business Administration, and is currently pursuing her Ph.D. in business.

21. Despite her education, experience, and qualifications, Hicks has repeatedly been denied promotions and advancement opportunities with Anthem, while less-qualified, Caucasian individuals have consistently been promoted above her.

22. To date, Hicks has applied for more than 389 manager or director positions within Anthem, and despite being repeatedly told that she was qualified for the positions – even interviewing for the positions on numerous occasions – she has been rejected <u>every</u> time.



23. As examples, Hicks was rejected for the Director Learning and the Mgr. I Customer Care positions, both of which she was highly-qualified for, and both of which went to lesser-qualified, Caucasian women.

24. As another example, in May 2017, when Megan Idle became the new Operations Expert for the Out of Scope line of business, Hicks trained her.  Only three months later, at the beginning of August, Idle was promoted to Manager I of the WGS National Out of Scope operations team, a position that Hicks was encouraged to apply for but was, yet again, denied.

25. According to Anthem's Job Posting and Internal Application Process, "To apply for an internal position, you must have completed a minimum of twelve months in your current position."  At the time she was passed-over for the promotion that Idle received, Hicks had been in her position for nearly two years; Idle had been in her position only 3 months before she was promoted.

26. Hicks is qualified for every position to which she has applied, and every time, Anthem has refused to hire or promote Hicks for that position, choosing instead to hire or promote less-qualified, Caucasian individuals.

27. Anthem's policy states, "Anthem fills all open positions with the best-qualified people available."  Clearly, this is not true whenever Hicks is a candidate.

28. Since 2012, and for more than 389 applications, Anthem has consistently and repeatedly chosen the lesser-qualified person, because the "best-qualified" person was a woman of color.

29. Anthem has a pattern of discriminating against African American employees while giving disparately unfair advantages to Caucasian employees.  Indeed, Hicks and other African



The Employee's Attorney.™

American employees have been treated disparately from similarly situated Caucasian employees.

30. Anthem has exhibited a pattern of discriminatory behavior against African Americans prior to and involving its repeated failure to promote Hicks.

31. On or about August 21, 2017, Hicks complained in writing to Anthem about the disparate treatment she was suffering. Anthem took no action to remedy the situation, and since that letter, has denied Hicks for promotion on other occasions.

32. Hicks has repeatedly and systematically been denied promotion within Anthem due to her race, and/or in retaliation for making complaints of discrimination and disparate treatment in the workplace.

33. Anthem has never proffer any legitimate non-discriminatory reason for refusing to promote Hicks.

34. In the alternative, Anthem's proffered reasons for refusing to promote Hicks are merely pretext for discrimination and retaliation.

35. As a result of being treated disparately on the basis of her race during her employment at Anthem, and being wrongfully passed over for promotion within the Company, Hicks has suffered severe emotional distress, anxiety, and depression. She has had and continues to accrue damages based thereupon.

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S. CODE § 2000E, ET SEQ.

36. Hicks restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. Anthem is an employer as defined by Title VII.



38. Throughout her employment, Hicks has always been fully competent to perform her essential job duties.

39. As outlined above, Anthem treated African Americans, including Hicks, differently than Caucasian employees at Anthem.

40. Anthem treated Hicks differently than other similarly situated employees based on her race.

41. Anthem has repeatedly and systematically denied Hicks any promotion she has applied for, while promoting less-qualified, Caucasian individuals in her stead.

42. Anthem has violated Title VII by discriminating against Hicks due to her race.

43. Anthem has violated Title VII by failing to promote Hicks based upon her race.

44. As a direct and proximate result of Anthem's conduct, Hicks has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF OHIO REVISED CODE § 4112.02(A), ET SEQ.

45. Hicks restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

46. Anthem is an employer as defined by R.C. § 4112.01(A)(2).

47. Throughout her employment, Hicks has always been fully competent to perform her essential job duties.

48. As outlined above, Anthem has treated African Americans, including Hicks, differently than Caucasian employees at Anthem.

49. Anthem has treated Hicks differently than other similarly situated employees based on her race.

50. Anthem has repeatedly and systematically denied Hicks any promotion she has applied for, while promoting less-qualified, Caucasian individuals in her stead.



51. Anthem has violated Ohio Revised Code § 4112.02(A), *et seq.* by, among other things, discriminating against Hicks due to her race.

52. Anthem has violated Ohio Revised Code § 4112.02(A), *et seq.* by failing to promote Hicks based upon her race.

53. As a direct and proximate result of Defendant's conduct, Hicks has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: FAILURE TO PROMOTE BASED ON RACIAL DISCRIMINATION

54. Hicks restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. Hicks is a member of a protected class under Title VII and/or R.C. 4112.02, et seq., due to her race.

56. Throughout her employment with Anthem, Hicks has applied for and been qualified for more than 389 promotions within Anthem.

57. On several occasions, Hicks was considered for the position – she was interviewed and/or encouraged to apply to many of the positions – yet denied the promotion on every occasion.

58. For nearly every position for which Hicks applied and was denied promotion, a less-qualified or similarly-qualified individual outside Hicks' protected class received the promotion.

59. Anthem refused to promote Hicks based on her race.

60. Hicks' race was a determinative factor in Anthem's decision to not promote her.

61. Anthem has repeatedly violated Title VII and/or Ohio R.C. § 4112.02, et seq., when it failed to promote Hicks based on her race.



62. As a direct and proximate result of Anthem's conduct, Hicks has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: RETALIATION

63. Hicks restates each and every prior paragraph of this complaint, as if it were fully restated herein.

64. As a result of the Defendant's discriminatory conduct described above, Hicks complained of the discrimination and disparate treatment she was experiencing.

65. Subsequent to Hicks's reporting of discrimination and disparate treatment to her employer, Anthem has continued to refuse to promote Hicks to positions for which she has applied and is qualified.

66. Anthem's actions are retaliatory in nature based on Hicks's opposition to the unlawful discriminatory conduct.

67. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

68. As a direct and proximate result of Anthem's retaliatory discrimination against and failure to promote Hicks, she has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69. Hicks restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. As set forth above, Anthem, by and through its supervisors and/or employees, has repeatedly and systematically refused to promote Hicks on more than 389 occasions when



she applied for positions for which she was qualified. Moreover, for each of those positions, Anthem promoted or hired a Caucasian individual instead. After Hicks reported the discrimination and disparate treatment to Anthem, she has continued to be denied promotions within the Company, while less-qualified Caucasian individuals continue to be hired or promoted in her stead.

71. Anthem has intended to cause Hicks emotional distress, or knew that their acts or omissions would result in serious emotional distress to Hicks.

72. Anthem's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

73. As a direct and proximate result of Anthem's acts and omissions as set forth above, Hicks has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

74. As a direct and proximate result of Anthem's conduct and the resulting emotional distress, Hicks has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

The Employee's Attorney.™ 

**DEMAND FOR RELIEF**

WHEREFORE, Hicks demands from Anthem the following:

a) Issue a permanent injunction:

   i. Requiring Anthem to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) An award against Anthem for compensatory and monetary damages to compensate Hicks for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Anthem in an amount in excess of $25,000;

d) An award of reasonable attorneys' fees and non-taxable costs for Hicks's claims as allowable under law;

e) An award of the taxable costs of this action; and



    f)   An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Matthew Bruce*
Matthew Bruce (0083769)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (513) 883-1147
Fax:    (216) 291-5744
Email: matthew.bruce@spitzlawfirm.com

*Attorneys for Plaintiff Davina Hicks*

## JURY DEMAND

Plaintiff Davina Hicks demands a trial by jury by the maximum number of jurors permitted.

*/s/ Matthew Bruce*
Matthew Bruce (0083769)

11

